UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLARENCE MCNAIR,<br><br>    Plaintiff,<br><br>vs.<br><br>LISA WALSH et al.,<br><br>    Defendants. | 3:15-cv-00017-RCJ-WGC<br><br>**ORDER** |

This is a prisoner civil rights complaint under 42 U.S.C. § 1983. The Court now screens the Amended Complaint ("AC") under 28 U.S.C. § 1915A.

I.     **FACTS AND PROCEDURAL HISTORY**

Plaintiff Clarence McNair is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") at Northern Nevada Correctional Center ("NNCC"). Plaintiff first alleges deliberate indifference in violation of the Eighth Amendment, violation of the Americans with Disabilities Act ("ADA"), and violations of the Prison Rape Elimination Act ("PREA") based on a July 28, 2014 incident. Plaintiff alleges two Defendant corrections officers ordered him to come with them because he was being moved to a different unit. He protested because he based on his arthritis, and they called him names and forcibly took him to the new unit. He alleges his housing in the new unit is "counterproductive to my therapeutic treatments and needs distance wise." Second and third (the two claims are essentially redundant), Plaintiff alleges that

his Eighth Amendment and ADA rights were violated on September 29, 2014 when prison officials refused to remove him from administrative segregation (where he had been placed for having refused the previous move) and put him back into his original unit despite knowing of his arthritis.  He alleges that while in segregation he was not allowed to participate in a wheelchair exercise program he had previously participated in.

## II.     LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a

claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

///

### III.     ANALYSIS

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).  To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*.  Simple negligence will not support an Eighth Amendment claim. *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Plaintiff has not made out a claim of cruel and unusual punishment.  He has not alleged facts indicating that his transfer to the new unit, or even his housing in administrative segregation, has resulted in a deliberate failure to treat a serious medical condition.  He has alleged only that he is unable to participate in a certain wheelchair exercise program while in segregation and that while in segregation he is not "mobile" throughout NNCC for self-rehabilitation.  But Plaintiff brought that upon himself by refusing the unit transfer.  Plaintiff's medical condition does not immunize him from appropriate discipline for disobedience to prison

officials and guards.  Plaintiff does not allege that he receives no treatment at all for his arthritis appropriate to his segregated quarters.  Presumably, he receives appropriate medication and other treatment.  Plaintiff's special needs may give him a liberty interest against being housed in segregation that a non-disabled prisoner would not have. *See Serrano v. Francis*, 345 F.3d 1071, 1078–79 (9th Cir. 2003) (Aldisert, J.).  But that only means that certain due process protections may have been required at the disciplinary hearing, and Plaintiff has not attacked the fairness of his disciplinary hearing.  Nor has Plaintiff alleged any disability-based discrimination under the ADA.  He has not alleged that he has been refused access to any place or program that he would have access to if he were not disabled.  If Plaintiff were not disabled and had refused the cell transfer, he would presumably be just as restricted in his movement and program participation as a result of his discipline.

## CONCLUSION

IT IS HEREBY ORDERED that the Amended Complaint is DISMISSED, with leave to amend to correct the deficiencies noted above.  Any amendment is due within 28 days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge