# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CLARENCE MCNAIR, | ) | 3:15-cv-00017-RCJ-WGC |
| Plaintiff, | ) | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | ) | |
| LISA WALSH, *et al.*, | ) | |
| Defendants. | ) | |

This Report and Recommendation is made to the Honorable Robert C Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Motion for Summary Judgment. (ECF No. 28.) Plaintiff filed a response (ECF Nos. 30, 31), and Defendants filed a reply (ECF No. 33).

After a thorough review, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with his second amended complaint pursuant to 42 U.S.C. § 1983. (Pl.'s Sec. Am. Compl., ECF No. 19.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) Defendants are Lisa Walsh, Verne Atwood, and Robert Kersten. (Screening Order, ECF No. 20.)

On screening, Plaintiff was allowed to proceed with his claim that Defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. (ECF No 20.) Specifically, Plaintiff's claim is based on the allegations that he suffers from rheumatoid arthritis and is confined to

a wheelchair, and had been assigned by NNCC's Dr. Gedney to be housed in Unit 3, the medical housing unit. (ECF No. 19 at 9.) This unit allows for weekly medical visits, assigned nursing staff, and is in close proximity to the chow hall and gym, where he received physical therapy that improved his symptoms. (*Id*. at 9, 10.) Due to his condition, he needed assistance getting in and out of bed and his wheelchair, to shower, to get dressed and use the restroom. (*Id*. at 9.)

On July 22, 2014, he avers that Kersten and Atwood ordered Plaintiff to move from Unit 3 to Unit 2. (*Id*. at 7.) Plaintiff objected to the move, and advised them of his concerns. (*Id*.) He contends that they argued with him about the move, which resulted in Plaintiff being handcuffed and taken to NNCC operations where he explained to Walsh his concerns about the bed move. (*Id*. at 9.) Plaintiff was then sanctioned with ninety days in administrative segregation and received a notice of charges for refusing the bed move. (*Id*. at 11.) He was then sanctioned to Unit 4 for another 90 days, which is a semi-closed custody unit. (*Id*.) While in administrative segregation, he claims he was not allowed to participate in physical therapy which resulted in the deterioration of his physical, mental and emotional state. (*Id*.)

Defendants move for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies prior to initiating this action. (ECF No. 28.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)), *cert. denied*, 135 S.Ct. 403 (Oct. 20, 2014). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id*. (*overruling in part Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) which stated that failure to exhaust should be raised in an "unenumerated Rule 12(b) motion").

As such: "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id*., 1168, 1170-71 (citations omitted). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery related to the merits of the suit." *Id*. at 1170 (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). If there are disputed factual questions, they "should be decided at the very beginning of the litigation." *Id*. at 1171.

Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)); *Draper v. Rosario,* 836 F.3d 1072, 1080 (9th Cir. 2016) (inmate plaintiff did not meet his burden when he failed to identify any actions prison staff took that impeded his ability to exhaust his administrative remedies, or otherwise explain why he failed to comply with the administrative remedies process). The ultimate burden of proof, however, remains with the defendant. *Id*.

The Supreme Court has clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "[s]ection 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the 'critical procedural rules' of that process. *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). That being said, an inmate exhausts available administrative remedies "under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the

merits of the grievance at each available step of the administrative process." *Reyes*, 810 F.3d at 658.

To reiterate, an inmate need only exhaust "available" administrative remedies. *See Ross v. Blake*, 136 S.Ct.1850, 1858 (2016). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain "some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth*, 532 U.S. at 738).

If the court concludes that administrative remedies have not been properly exhausted, the unexhausted claim(s) should be dismissed without prejudice. *Wyatt*, 315 F.3d at 1120, *overruled on other grounds by Albino*, 747 F.3d 1162.

"If the district judge holds that the prisoner has exhausted available administrative remedies, that administrative remedies are not available, or that a prisoner's failure to exhaust available remedies should be excused, the case may proceed to the merits." *Albino*, 747 F.3d at 1171.

### III. DISCUSSION

The court emphasizes that Plaintiff is proceeding in federal court on a single Eighth Amendment deliberate indifference claim based on the allegation that Walsh, Atwood and Kersten were aware of his rheumatoid arthritis condition, but sanctioned him to administrative segregation and transferred him to Unit 4, which deprived him of access to physical therapy and the other necessary medical treatment he received in Unit 3, causing his medical condition to deteriorate. (*See* ECF No. 20 at 5.)

NDOC requires inmates to address their claims by first completing the inmate grievance process, set forth in Administrative Regulation (AR) 740. (ECF Nos. 28-1 ¶ 8, 28-2.) AR 740 requires an inmate to complete three levels of review: the informal, first and second levels. (*Id.*)

Defendants acknowledge that Plaintiff filed a number of grievances regarding his dissatisfaction with his housing assignment, but argue that he never filed a grievance regarding denial of physical therapy or exercise while confined in administrative segregation. (ECF Nos. 28 at 2; 28-1 ¶ 7; 28-3 (Plaintiff's grievance history report).)

Plaintiff's opposition spends much time arguing the merits of his claim, and discussing alleged claims of retaliation that took place well after the events that are the subject of this lawsuit. Only that portion of the opposition regarding whether or not he exhausted his administrative remedies as to the claim proceeding in this case is relevant to the court's analysis of the Defendants' motion.

Defendants have provided the court with Plaintiff's inmate grievance history, representing that Plaintiff did not grieve the denial of physical therapy or exercises while in administrative segregation.

Plaintiff did file numerous grievances that reference his objection to being moved from housing unit 3. According to the prison records, however, none of these were properly taken through all three levels, and while these grievances discuss his objection to the move and his interactions with Kersten and Atwood, they fail to put prison officials on notice of the conduct of which he complains in this lawsuit - which is the fact that the move deprived him of the ability to engage in physical therapy exercises which caused a deterioration in his health. (*See* ECF No. 30 at 6-14, grievance 20062984122; ECF No 28-3.)

A grievance must "alert the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)). The grievance "need not include legal terminology or legal theories" as its "primary purpose ... is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin*, 557 F.3d at 1120.

Plaintiff's grievances, even if completed through all levels, would have put prison officials on notice regarding Plaintiff's objection to his housing move and to the words Kersten used toward him during the interaction on that day in July 2014, but the grievances only focused on what occurred that day, and not on the subsequent alleged denial of access to physical therapy and exercises, resulting in the deterioration of his physical condition. Therefore, the court agrees with Defendants that Plaintiff has failed to exhaust his administrative remedies with respect to his claim and summary judgment should be granted in Defendants' favor.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion for Summary Judgment (ECF No. 28).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points

and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: April 25, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE