# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLARENCE MCNAIR,<br><br>        Plaintiff,<br><br>vs.<br><br>LISA WALSH et al.,<br><br>        Defendants. | 3:15-cv-00017-RCJ-WGC<br><br>**ORDER** |

This is a prisoner civil rights case arising from an allegation of deliberate indifference to a serious medical need in violation of the Eighth Amendment. Now pending before the Court is Plaintiff Clarence McNair's ("Plaintiff") motion for reconsideration of the summary judgment against him. (Mot. Recon., ECF No. 53.) Defendants have also filed a motion to extend time with respect to the filing of their response in opposition to the motion to reconsider (Mot. Extend Time, ECF No. 54.)

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff, a pro se litigant, is an inmate in custody of the Nevada Department of Corrections at the Northern Nevada Correctional Center ("NNCC"). Following screening of the complaint in this case, Plaintiff was permitted to proceed on a single claim: Eighth Amendment deliberate indifference to a serious medical need, based on Plaintiff's placement in administrative segregation and in "Unit 4," which deprived him of access to physical therapy and

other necessary medical treatment for rheumatoid arthritis. (*See* Screening Order 3–5, ECF No. 20.) On June 21, 2017, the Court accepted and adopted the magistrate judge's report and recommendation that summary judgment be granted in favor of Defendants, based on Plaintiff's failure to exhaust the administrative remedies available at NNCC. (Order, ECF No. 51; R. & R. 4–5, ECF No. 35.)

Plaintiff now moves the Court to reconsider the summary judgment. (Mot. Recon. ECF No. 53.)

## II. LEGAL STANDARDS

Granting a motion to reconsider under Federal Rule of Civil Procedure 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.*

However, a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Moreover, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied*, 136 S. Ct. 537 (2015) (affirming district court's reconsideration of prior order granting motion to suppress).

## III. DISCUSSION

### a. Plaintiff's Motion to Reconsider (ECF No. 53)

The basis for granting Defendants' summary judgment motion was that Plaintiff had not exhausted available administrative remedies at the prison prior to bringing suit. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The U.S. Supreme Court has held that the PLRA requires "proper exhaustion," which includes "using all steps the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Here, because the undisputed evidence viewed in the light most favorable to Plaintiff showed a failure to exhaust, Defendants were entitled to summary judgment under Rule 56. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

In requesting reconsideration of the judgment against him, Plaintiff does not present newly discovered evidence or point to any change in controlling law. Plaintiff does not attempt to show, nor does he even claim, that error was committed in reaching the conclusion that he did not adequately exhaust available administrative remedies at the prison. In granting summary judgment for Defendants, the Court found that Plaintiff filed "numerous grievances that reference his objection to being moved from housing unit 3," but that "none of these were properly taken through all three levels." (R. & R. 5, ECF No. 35.) Moreover, even if the grievances had been completed at all three levels, they only focused on what occurred the day Plaintiff was informed he was being moved out of Unit 3, and failed to address "the subsequent alleged denial of access to physical therapy and exercises," which denial was the sole basis of his only claim. (*Id.*)

Therefore, Plaintiff has provided no reason to disturb the Court's prior order granting summary judgment, and the motion to reconsider must be denied.

### b. Defendants' Motion to Extend Time (ECF No. 54)

Defendants' response to the motion to reconsider was submitted two days late as the result of a calendaring error at counsel's office. Accordingly, counsel requests a two-day time extension under Federal Rule of Civil Procedure 6(b)(1) and Local Rule IA 6-1 to permit the untimely filing. For the reasons provided in Defendants' motion, the Court finds this minor delay to be the result of excusable neglect. (*See* Mot. Extend Time 2–3, ECF No. 54.) Accordingly, the motion is granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 53) is DENIED.

IT IS FURTHER ORDERED that the Motion for Extension of Time (ECF No. 54) is GRANTED.

IT IS SO ORDERED. February 14, 2018.

_____
ROBERT C. JONES
United States District Judge